McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Ryan D. Marshall, #275952
  ryan.marshall@mccormickbarstow.com
7647 North Fresno Street
Fresno, California 93720
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300

Whitney, Thompson & Jeffcoach LLP
Marshall C. Whitney, #82952
  mwhitney@wtjlaw.com
Kristi D. Marshall, #274625
  kmarshall@wtjlaw.com
8050 N Palm Avenue, Suite 110
Fresno, CA 93711-5510
Telephone:    (559) 753-2550
Facsimile:    (559) 753-2560

Attorneys for Plaintiff
BPM HEALTH GROUP, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| BPM HEALTH GROUP, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>SUTHERLAND HEALTHCARE SOLUTIONS, INC.; and DOES 1 through 10, Inclusive,<br><br>  Defendants. | Case No. 2:18-cv-00384-MCE-EFB<br><br>**STIPULATION AND ORDER TO MODIFY SCHEDULING ORDER** |

IT IS HEREBY STIPULATED AND AGREED between BPM HEALTH GROUP, LLC ("Plaintiff") and SUTHERLAND HEALTHCARE SOLUTIONS, INC. ("Defendant") (collectively the "Parties"), through their respective counsel, that the Initial Pretrial Scheduling Order [i.e. Document No. 2] be modified to extend the non-expert discovery deadline of February 16, 2019. In accordance with Federal Rule of Civil Procedure, Rule 16(b), the Parties submit that there is good cause for the requested modification, and respectfully request that the Court enter an Order granting

the modification sought herein. The good cause is as follows:

1. The Parties initially refrained from engaging in formal discovery in an attempt to resolve this matter informally. The purpose for refraining from formal discovery was for economic efficiency. In an attempt to informally resolve the case, that Parties did produce preliminary key documents so that Defendants would have the opportunity to analyze Plaintiffs claims to determine whether further settlement discussions may be feasible.

2. As part of the settlement discussions, the Parties exchanged numerous correspondence and participated in multiple telephone discussions in an effort to resolve this matter.

3. Despite their substantial and good faith efforts to reach an early resolution of this matter, the Parties recently determined that settlement efforts will not be successful without completing formal discovery including the taking of certain key depositions.

4. Because many of the witnesses involved in this case reside out of state, and some even potentially out of country, the scheduling of these depositions will take more time than remains in the current non-expert discovery cut-off order.

5. Because the deposition of these witnesses will be vital to re-examining the further potential for settlement, the Parties agree that extending the non-expert discovery deadline as follows:

    a) The parties shall issue all initial written requests for documents and interrogatories on or before March 15, 2019;

    b) The parties shall complete the production of documents on or before August 2, 2019;

    c) The parties shall complete depositions of fact witnesses on or before September 27, 2019; and

    d) The parties shall complete all non-expert discovery on or before October 1, 2019; and

6. The foregoing schedule may be further extended only for good cause.

7. The failure of any party to adhere to the foregoing schedule shall constitute a waiver of that party's ability to take further fact discovery in this action.

8. NOW, THEREFORE, the Parties jointly request and HEREBY STIPULATE that the

deadline for non-expert discovery be extended to October 1, 2019 in accordance with the foregoing schedule.

Dated: January 25, 2019

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ Ryan D. Marshall
Ryan D. Marshall
Attorneys for Plaintiff
BPM HEALTH GROUP, LLC

Dated: January 25, 2019

WOODS OVIATT GILMAN LLP

By: /s/ Brian J. Capitummino
Brian J. Capitummino
Attorneys for Defendant
SUTHERLAND HEALTHCARE SOLUTIONS, INC.

**ORDER**

Pursuant to the Stipulation of the Parties (ECF No. 17), and good cause appearing therein, the non-expert discovery deadline is hereby extended to **October 1, 2019** and all related dates described in the Court's Initial Pretrial Scheduling Order of February 20, 2018 (ECF No. 2) shall be calculated in accordance with that new non-expert discovery deadline.

IT IS SO ORDERED.

Dated: January 28, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On January 25, 2019, I served true copies of the following document(s) described as **STIPULATION AND ORDER TO MODIFY SCHEDULING ORDER** on the interested parties in this action as follows:

| | |
|---|---|
| Erich Drotleff, Esq.<br>Director, Legal Counsel<br>Sutherland Healthcare Solutions, Inc.<br>2 Brighton Road, #300<br>Clifton, New Jersey 07012 | Brian J. Capitummino<br>Warren B. Rosenbaum<br>Woods, Oviatt Gilman LLP<br>700 Crossroads Building<br>2 State street<br>Rochester, NY 14614 |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 25, 2019, at Fresno, California.

/s/ Cydney M. Gonzales
Cydney M. Gonzales